**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY LYNN DAVIS, | No. 10-15450 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00222-ECR-RAM |
| v. | |
| NEVADA ATTORNEY GENERAL; E.K. MCDANIEL, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted February 14, 2011
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL, Senior
District Judge.[**]

Jerry Davis appeals the district court's denial of his petition for a writ of

habeas corpus. We review de novo the district court's denial of habeas relief, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Tena Campbell, Senior District Judge for the U.S. District Court for Utah, sitting by designation.

"[w]e may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale." Lambert v. Blodgett, 393 F.3d 943, 965 (9th Cir. 2004). Mr. Davis's claim, that he received ineffective assistance due to his trial counsel's failure to object to the trial court's imposition of consecutive sentences, was fairly presented to the Nevada Supreme Court; the claim is thus properly exhausted. Castillo v. McFadden, 399 F.3d 993, 998-99 (9th Cir. 2005).

Having expanded the Certificate of Appealability and received supplemental briefing regarding the merits of Mr. Davis's claim from the parties, the court finds it to be without merit. The last reasoned opinion of the state court determined that the performance of Mr. Davis's counsel was not deficient because Nevada law does not bind a trial court to a plea agreement, and Mr. Davis acknowledged his understanding that the sentence imposed would be at the sole discretion of the trial court. This decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law: in this case, the standard for effective assistance of counsel set forth by Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

AFFIRMED.